```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

|  |  |  |
|---|---|---|
| In re DREYFUS MUTUAL FUNDS | ) | Master File 04-0128 |
| FEE LITIGATION | ) |  |
|  | ) |  |

MEMORANDUM and ORDER

Gary L. Lancaster,
District Judge.                                    June 16, 2006

      The parties are familiar with the facts and procedural history of this case. Before the court is plaintiffs' motion to alter or amend judgment and/or for relief from final judgment [doc. no. 89]. The judgment in question closed the case following our decision granting defendants' motion for judgment on the pleadings [doc. nos. 78-81]. We granted defendants' motion on the ground that plaintiffs' section 36(b) claim under the Investment Company Act should have been brought derivatively, rather than directly. Plaintiffs now essentially seek leave to amend their complaint to assert the claim derivatively. For the reasons that follow, the motion will be denied.

      Throughout their briefs, plaintiffs fail to acknowledge the impact that the procedural posture of this case has on their desire to amend the complaint. When this court ruled on defendants' motion for judgment on the pleadings, we had already ruled on various motions to dismiss, and the surviving defendants had filed answers to the amended complaint. All of the authorities relied upon by plaintiffs in support of their

position that this court must allow them to amend their complaint were decided in the context of a motion to dismiss[1], not a motion for judgment on the pleadings. The cases hold that because plaintiff may amend his complaint, as of right, once prior to the filing of a responsive pleading, and because a motion to dismiss is not a responsive pleading, it is improper to close a case following ruling on a motion to dismiss without affording plaintiff an opportunity to amend. The court of appeals's recent non-precedential opinion in Chemtech Int'l, which plaintiffs contend dictates that they be allowed to amend their complaint, does no more than reiterate this general rule.

In contrast, we closed this case after ruling on a motion for judgment on the pleadings, after answers had been filed, and after plaintiffs had amended their complaint once previously. Plaintiffs have provided no authorities that address the proper standards to be applied in this situation. Regardless, we expect plaintiffs to have recognized and appreciated the procedural difference created by a motion for judgment on the pleadings. We also expect them to have understood that once judgment is entered, a party must meet the stringent standards under Rules 59 and 60 to reopen it. Under those circumstances, we also

---

[1] Although courts sometimes call these rulings "judgments of dismissal", none of the cases actually address a motion for judgment on the pleadings.

expect plaintiffs to have taken any and all procedural steps to protect their claim, to include filing a motion for leave to amend even if they thought that they would prevail on the motion for judgment on the pleadings. Such a preventative filing cannot be characterized as burdensome, as plaintiffs themselves acknowledge that only three paragraphs of their complaint needed to be changed in order to plead the section 36(b) claim derivatively.[2]

However, plaintiffs now claim that, apart from the fact that they believed they had no duty to seek leave to amend prior to entry of judgment under controlling case law, they should be excused from failing to do so under the facts of this case. In their initial brief, plaintiffs contend that they failed to make such a filing because they had the false impression that we had already ruled that the ICA claim could be brought directly in our opinion disposing of the motions to dismiss. Brief at 9, 15 [doc. no. 83]. However, tellingly, in their reply brief, plaintiffs state that the court had never before decided the issue of whether the section 36(b) claim had to be pled derivatively. Reply Brief at 1 [doc. no. 93]. Regardless of which way plaintiffs actually interpreted this court's opinion

---

[2] We express no opinion as to whether plaintiffs are correct that the changes they made were adequate to properly state their section 36(b) claims derivatively.

at the time it was issued, the undisputed fact remains that the issue of whether the section 36(b) claim was direct or derivative was not briefed by the parties and was certainly not considered and discussed in the court's opinion on the motions to dismiss. To the extent that plaintiffs consciously made the decision to not file a preventative motion for leave to amend based on a single reference, without any discussion, to the section 36(b) claim in a footnote of our opinion, they must be held to have done so at their peril.

    We additionally find plaintiffs' position in this regard to be suspect given that plaintiffs' counsel is currently litigating numerous identical cases in other federal district courts. Those courts, in lengthy decisions, have recently held that the ICA claims must be brought derivatively. Regardless of whether plaintiffs agree with those decisions, or are able to cite to other district court decisions finding the opposite to be true, plaintiffs should have recognized the serious risk under the circumstances of their decision to forego filing a motion for leave to amend prior to this court's ruling on the motion for judgment on the pleadings.

    As the case now stands, plaintiffs must meet the requirements of either Rule 59(e) or 60(b) in order to reopen the judgment to allow them to amend their complaint. We find that

they cannot meet the requirements of either of those rules, and thus, are not entitled to relief.

In order to alter or amend a judgment under Rule 59(e), a party must prove that: (1) there has been an intervening change in controlling law; (2) new evidence has been discovered; or (3) the court must correct a clear error of law or act to prevent manifest injustice. Fed. R. Civ. P. 59(e); North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995).

Plaintiffs claim that we made a clear error of law when we entered judgment on the pleadings without *sua sponte* granting them leave to amend. As we have previously explained, the cases relied upon by plaintiffs in support of their argument were decided in the context of a motion to dismiss, not a motion for judgment on the pleadings. Under the Rules, with answers having been filed, plaintiffs were required to seek leave to amend their complaint. Although leave is to be given freely by the court, this liberal standard under Rule 15(a) is no longer applicable once judgment has been entered. Ahmed v. Dragovich, 297 F.3d 201, 207-08 (3d Cir. 2002). We have found no controlling authority requiring that amendment be permitted under the procedural circumstances of this case. Rather, we find the Court of Appeals for the Ninth Circuit's opinion in Weeks v. Bayer to be persuasive on this point. Weeks v. Bayer, 246 F.3d 1231 (9th Cir. 2001).

For the same reasons, we do not find that the manifest injustice standard has been satisfied. Plaintiffs argue that it would elevate form over substance to prevent them from correcting the mere technical defect in their complaint. Again, given the procedural posture of this case, and its relationship to near identical cases pending simultaneously in other courts, we disagree. The issue is not whether the requested amendment is minor or technical, but whether plaintiffs are able to satisfy the requirement under Rule 59(e) that judgment must be re-opened in order to prevent a manifest injustice. Plaintiffs were in the best position to protect themselves from any alleged injustice. Had plaintiffs objectively researched the issue, they would have discovered that filing a motion for leave to amend before this court ruled on a motion for judgment on the pleadings was the prudent course of action. Whether through mistake, ignorance, or tactical maneuvering, plaintiffs chose not to do so, placing themselves in the position of being required to meet the stringent standards for re-opening a judgment. Under these circumstances, plaintiffs have not met the manifest injustice standard in this case.

We similarly find that relief is not available under Rule 60(e). A judgment may be vacated under this Rule for "for any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). Plaintiffs contend that for

6

the same reasons discussed above, they are entitled to relief under this Rule. As previously discussed, we find plaintiffs' arguments insufficient and, thus, find that there is no justification for relief under Rule 60(b).

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re DREYFUS MUTUAL FUNDS FEE LITIGATION | ) ) Master File 04-0128 ) ) |

## ORDER

Therefore, this 16th day of June, 2006, IT IS HEREBY ORDERED that Plaintiffs' Motion to Amend and/or Set Aside the Judgment [doc. no. 89] is DENIED.

BY THE COURT:

_____, J.

cc:   All Counsel of Record